E-FILED
Monday, 01 February, 2021  11:25:11 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **MICHAEL L. HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Case No. 2:21-cv-2020** |
| | ) | |
| **PIATT COUNTY, ILLINOIS, a body** | ) | |
| **corporate and politic,** | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, Mr. Michael L. Holmes, by and through his attorney of record, Ronald S. Langacker of Langacker Law, Ltd., and for his Complaint against Defendant, Piatt County, Illinois, a body corporate and politic, hereby states as follows:

## NATURE OF THE ACTION

1. This is an action for damages caused by Defendant's interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993 (hereinafter "FMLA" or the "Act"), 29 U.S.C. § 2601 *et seq*.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337 and Title 29, United States Code, Section 2617(a). This is a civil action arising under the laws of the United States. Specifically, this action is brought in furtherance of a certain Act of Congress guaranteeing to qualified employees the right to take time away from work for purposes of family medical leave.

3. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since the Defendant engaged in their official

activities within the judicial district of this Court and the claims giving rise to the above-captioned proceeding occurred within the judicial district of this Court.

**<u>ALLEGATIONS COMMON TO ALL COUNTS</u>**

4.  Plaintiff, Michael L. Holmes ("Holmes" or "Plaintiff"), is an adult resident of the State of Illinois, and currently resides in this judicial district.

5.  Defendant, Piatt County, Illinois ("Piatt County"), is a unit of government organized in accordance with the "Counties Code" [55 ILCS 1-1001 *et al.*] which provides various governmental and public safety services for individuals residing within its corporate limits.

6.  Plaintiff was initially retained by Piatt County as an independent contractor in May of 2018, and in June of 2018 hired full-time as the Director of the Piatt County Emergency Management Agency ("Piatt County EMA").

7.  At all relevant times therein, the Piatt County Emergency Management Agency Director ("EMA Director") was a full-time, salaried position of $37,740 per year, with benefits. Since June of 2019, the EMA Director reported directly to the Piatt County Board, which also determines the annual budget for the Piatt County EMA.

8.  The Piatt County EMA was established through Piatt County Ordinance 32.20, which imposed the duty upon the Piatt County Board ("Board" or "County Board") to preserve the lives and property of individuals within the County, and to otherwise protect the public peace, health, and safety in the event of a disaster or emergency.

9.  In coordination with the above ordinance, the Illinois Emergency Management Agency Act ("IEMA") 20 ILCS 3305 *et seq.*, directs each political subdivision within the State to be served both by IEMA and by a local emergency management agency otherwise responsible for emergency management programs.

10. The Piatt County EMA is required by state law to submit an Emergency Operations Plan ("EOP") to the Illinois IEMA. An EOP assigns responsibilities to organizations and individuals for carrying out actions at projected times and places in an emergency that exceeds the capability or routine responsibility of any one agency. Accreditation by the State through the submission of an EOP allows Piatt County to access federal and state grant funding that will support actions being taken in an emergency, both in terms of immediate support for victim and service providers and the more long-term funding required to mitigate damages and financial losses.

11. In previous years prior to the Plaintiff becoming Director, the County Board failed to fund the Piatt County EMA as required by their EOP. Plaintiff repeatedly notified the County Board that previous EOPs submitted to the IEMA were factually inaccurate and misleading, and that Piatt County had consistently failed to adequately fund their budget to carry out the provisions for their EOP.

12. In 2019, Plaintiff submitted a proposed budget to the County Board for the 2020 fiscal year. The proposed budget requested monies for critical expenditures by the County that were needed to ensure the EMA program complied with their EOP by May of 2020, or else the EMA would be in noncompliance with state and federal requirements, and risk losing vital grant funding.

13. The Piatt County Board refused to address Plaintiff's concerns and approved a budget for the EMA for 2020 which failed to meet the legal requirements of the County's EOP. The budget did not contain any of the EMA Director's requests, including his request for emergency provisions such as protective gloves, goggles, masks, and other critical cleaning supplies.

14. On December 1, 2019, County Board Chairman Ray Spencer reprimanded Plaintiff for

performing community outreach on the EMA's social media platforms and directed Plaintiff to "never represent yourself as a spokesperson for the county." Spencer threatened Plaintiff with further discipline if Plaintiff were to continue to communicate with the public regarding emergency situations.

15. On March 9, 2020, and as result of the COVID-19 pandemic, the Governor of Illinois issued a public health emergency declaration ("Declaration") under Section 4 of the Illinois Emergency Management Agency Act. As a result of the Declaration, the Piatt County EMA received numerous and immediate directives from the IEMA, including the directive to immediate secure personal protective equipment, establish cleaning protocols, create supply lists, and provide assistance with quarantine housing procedures.

16. The 2020 budget for the Piatt County EMA—already underfunded during normal operations—was in no way adequate to comply with the Governor's Declaration, or to otherwise ensure that Piatt County was capable of protecting its citizens from the virus.

17. Despite the catastrophic pandemic and the emergency Declaration, on March 14, 2020, County Board Chairman Spencer expressly directed Plaintiff to not exceed the EMA's budget no matter what COVID-19 supplies may be needed. Spencer further reminded Plaintiff of the prior directive to not represent himself as a spokesperson for the county. Plaintiff's inability to communicate with the citizens of Piatt County during this unprecedented emergency posed a serious health risk to the community.

18. On March 19, 2020, due to the deliberate constraints imposed upon Plaintiff by the Board, the Piatt County State's Attorney took the exceptional step to request a Writ of Mandamus, requesting that the Circuit Court compel the County Board to allow the Director to perform his legally required duties and communicate with the community regarding the COVID-19

pandemic (<u>People of Piatt County v. Piatt County Board, 2020-MR-2</u>, Ex.1).

19. On April 3, 2020, the parties reached an agreement where the Board approved an amended budget for the EMA for an additional $36,188.00 of emergency funding, and removed the "gag order" placed on Plaintiff by the County Board Chairman. In return, the State's Attorney dismissed the Writ of Mandamus.

20. On October 7, 2020, Plaintiff requested a leave of absence pursuant to the FMLA. Plaintiff advised the County that he suffered from a serious medical condition as defined by the FMLA and would be unable to perform the essential functions of his employment. The County granted Plaintiff's request for leave under the FMLA on October 26, 2020.

21. On October 28, 2020, two days after the Plaintiff went on leave, the Piatt County Board passed a tentative budget for the 2021 fiscal year. The budget dramatically scaled back of EMA Director's position from full-time to part-time, reducing the Director's salary from $37,740.00 to $16,000.00 per year. The Board also reduced the budget for other EMA expenses—such as supplies, maintenance, and equipment—by 50% from the 2020 budget. The final 2021 budget was approved by the Board on November 12, 2020, and took effect on December 1, 2020.

22. Defendant never advised Plaintiff that his position was being reduced from full time to part-time, nor that the position's salary would be less than half of what he had earned before taking protected leave.

23. After initially being granted leave, Plaintiff requested extensions of his leave in November and December of 2020. The County approved Plaintiff's requests for extensions of FMLA leave. In total, Plaintiff was granted leave pursuant to the FMLA Act for twelve weeks, from October 26, 2020 until January 25, 2021.

24. On January 19, 2021, Plaintiff, through his counsel, inquired of the Piatt County State's Attorney whether Plaintiff would be restored to the same or equivalent position upon his return from leave, as he had not officially been informed of any changes in the position.

25. On January 20, 2021, Plaintiff notified the County that he had been released by his physician to return to work on January 26, 2021.

26. On January 22, 2021, Plaintiff was notified that the EMA Director's position had been scaled down from full-time to part-time, and that the position he held prior to taking protected leave no longer existed.

27. The County stated the only position available to the Plaintiff upon his return would be the part-time EMA position, which does not involve the same or substantially similar duties, responsibility, compensation, or benefits as those when he was employed full-time as the County EMA.  Plaintiff was informed that if he did not accept the inferior position, the County would consider him to have "resigned" his employment.

28. Plaintiff notified the County that he would not accept the part-time position, and again requested reinstatement to his previous position. As of the date of this pleading, the County has failed to respond to Plaintiff's request.

## COUNT I
### (Violation of FMLA, 29 U.S.C. § 2615—Interference)

29.  Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

30. The FMLA prohibits an employer from "interfere[ing] with….the exercise or the attempt to exercise any right" provided by the FMLA, 29 U.S.C. § 2615(a)(1).

31. At all times relevant to this proceeding, Plaintiff was an "eligible employee," as defined in the FMLA, 29 U.S.C. §2611(2).

32. At all times relevant to this proceeding, Defendant was an "employer" as that term is defined

in the FMLA, 29 U.S.C. § 2611(4).

33. Throughout the course of his employment, Plaintiff performed his job duties in a satisfactory manner consistent with Defendant's standards.

34. Plaintiff was entitled to twelve (12) weeks of leave during any twelve-month period under the FMLA because he had a serious health condition that made him unable to perform the functions of his position. 29 U.S.C. §2612(a)(1)(D).

35. At the expiration of Plaintiff's twelve-week family medical leave period, Plaintiff's serious medical condition had improved so that he was able to return to his position of employment with the Defendant.

36. Upon the expiration of Plaintiff's family medical leave, Defendant was obliged to return Plaintiff to either the same position he held at the time his leave commenced, or to an equivalent position with equivalent benefits, pay, and terms and conditions of employment.

37. The part-time position offered to Plaintiff did not involve the same or substantially similar duties, responsibilities, compensation, and/or benefits as those he had prior to requesting FMLA.

38. Defendant intentionally interfered with, restrained, and denied the exercise of Plaintiff's rights provided under the FMLA by failing to restore Plaintiff to the position he held before leave, and denying him the benefits that he had held before his leave.

39. Defendant interfered with Plaintiff's rights and denied him benefits under the Act to which he was entitled to in violation of the FMLA, 29 U.S.C. §2615.

40. Defendant's conduct interfered with Plaintiff's rights to take family medical leave as guaranteed under 29 U.S.C. § 2612 and is prohibited under the terms of 29 U.S.C. § 2615(a)(1).

41. As a direct and proximate result of the aforementioned actions, Plaintiff has suffered and continues to suffer loss of income and other employee benefits and has been required to retain an attorney to litigate this matter.

## COUNT II
### (Violation of FMLA, 29 U.S.C. § 2615—Retaliation)

42.  Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

43. The FMLA prohibits discharging or discriminating against an employee for exercising his rights under the FMLA.  29 U.S.C. §§ 2615(a)(2), (b).

44. At all times relevant to this proceeding, Plaintiff was an "eligible employee," as defined in the FMLA, 29 U.S.C. §2611(2).

45. At all times relevant to this proceeding, Defendant was an employer as that term is defined in the FMLA. 29 U.S.C. § 2611(4).

46. Throughout the course of his employment, Plaintiff performed his job duties in a satisfactory manner consistent with Defendant's standards.

47. Plaintiff was entitled to twelve (12) weeks of leave during any twelve-month period under the FMLA because he had a serious health condition that made him unable to perform the functions of his position. 29 U.S.C. §2612(a)(1)(D).

48. At the expiration of his twelve-week eligible family medical leave period, Plaintiff's serious medical condition had improved so that he was able to return to his position of employment with the Defendant.

49. Upon the expiration of Plaintiff's family medical leave, Defendant was obliged to return Plaintiff to either the same position he held at the time his leave commenced, or to an equivalent position with equivalent benefits, pay, and terms and conditions of employment.

50. The part-time position offered to Plaintiff did not involve the same or substantially similar

duties, responsibilities, compensation, and/or benefits as those he had prior to requesting FMLA.

51. The actions of Defendant, in refusing to return Plaintiff to his prior employment, discriminated and retaliated against Plaintiff because he elected to use family medical leave benefits in violation of 29 U.S.C. § 2615(a)(2).

52. Defendant's aforementioned actions constitute willful violations of the FMLA.

53. As a direct and proximate result of the aforementioned actions, Plaintiff has suffered and continues to suffer loss of income and other employee benefits and has been required to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff, Mr. Michael Holmes, respectfully requests that this Court enter the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 29 U.S.C. § 2615 and issue a mandatory injunction against Defendant to refrain from engaging in any action which is prohibited under the terms of the foregoing law;

B. Issue a mandatory injunction directing Defendant to reinstate the Plaintiff to either: 1) the position of employment with the Defendant which he held prior to the conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position; or 2) a comparable position of employment with the Defendant;

C. Award the Plaintiff damages sufficient to compensate him for the economic losses suffered as a result of the conduct as alleged in this complaint;

D. Assess, pursuant to 29 U.S.C. §2617(a)(3), against Defendant the costs and expenses

incurred by Plaintiff in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause;

E.  Award Plaintiff prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

F.  Assess against Defendant and in favor of Plaintiff such liquidated damages as are permitted under 29 U.S.C. § 2617(a)(1)(A)(iii); and

G.  For all further relief the court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

MICHAEL HOLMES,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com